**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SAFE&SAFETY INC. and SHENZHEN ZHENGMI TECHNOLOGY CO., LTD,<br><br>*Plaintiff*,<br>v.<br><br>THE INDIVIDUALS AND ENTITIES IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>*Defendants*. | **CASE NO.** 24-cv-3459 |

<u>**EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**</u>

i

## TABLE OF CONTENTS

I.         INTRODUCTION.................................................................................... 1

II.       LEGAL STANDARD ............................................................................. 2

III.     ARGUMENTS........................................................................................ 3

   A.     THE TRO SHOULD BE DISSOLVED SOLELY FOR FAILURE TO MEET THE PREREQUISITE. .......................................................... 3

   B.     THE TRO SHOULD BE DISSOLVED BECAUSE PLAINTIFFS CANNOT ESTABLISH LIKELIHOOD OF SUCCESS. ........................... 4

      1.   The '212 Patent is invalid. .................................................................... 4

      2.   Defendants' products do not infringe the '212 Patent........................... 8

      3.   Plaintiff ZhengMi fails to establish its standing to file this lawsuit................. 12

   C.     THE TRO SHOULD BE DISSOLVED BECAUSE PLAINTIFFS FAIL TO SHOW IRREPARABLE HARM................................................... 13

      1.   Safe&Safety has not shown that it will suffer irreparable harm..................... 13

      2.   ZhengMi also has not shown that it will suffer irreparable harm.................... 13

   D.     THE TRO SHOULD BE DISSOLVED BECAUSE THE DEFENDANTS ARE NOT PROPER PARTIES. ................................................ 18

   E.     THE SECURITY BOND ASSOCIATED WITH THE TRO IS GROSSLY INSUFFICIENT................................................................ 19

IV.    CONCLUSION ..................................................................... 19

# TABLE OF AUTHORITIES

## Cases

*Abbott Lab'ys v. Sandoz, Inc.*,
500 F. Supp. 2d 807, 817 (N.D. Ill. 2007), aff'd, 544 F.3d 1341 (Fed. Cir. 2008)..........................5

*Atari Games Corp. v. Nintendo of Am., Inc.*,
897 F.2d 1572, 1575 (Fed. Cir. 1990).........................................................................................14

*Atlanta Attachment Co. v. Leggett & Platt, Inc.*,
516 F.3d 1361, 1365 (Fed.Cir.2008)............................................................................................7

*Altana Pharma AG v. Teva Pharmaceuticals USA, Inc.*,
532 F.Supp.2d 666, 682 (D.N.J.2007)........................................................................................17

*Altana Pharma AG v. Teva Pharms. USA, Inc.*,
566 F.3d 999, 1005 (Fed. Cir. 2009)..........................................................................................2,4

*American Can Co. v. Mansukhani*,
742 F.2d 314, 321 (7th Cir.1984)..................................................................................................3

*Apple Inc. v. Samsung Elecs. Co.*,
735 F.3d 1352, 1360 (Fed. Cir. 2013).........................................................................................15

*Automated Merch. Sys., Inc. v. Crane Co.*,
357 Fed.Appx. 297, 301 (Fed. Cir. 2009)............................................................................16,17,18

*Bettcher Industries, Inc. v. Bunzl USA, Inc.*,
692 F.Supp.2d 805, 821 (N.D.Ohio 2010)...................................................................................17

*Campbell Soup Co. v. Gamon Plus, Inc.*,
10 F.4th 1268, 1275 (Fed. Cir. 2021)............................................................................................7

*Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*,
No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001)...........................................2

*Crocs, Inc. v. Int'l Trade Comm'n*,
598 F.3d 1294, 1308 (Fed. Cir. 2010)...........................................................................................7

*Electro Med. Sys., S.A. v. Cooper Life Scis.*,
34 F.3d 1048, 1052 (Fed.Cir.1994)...............................................................................................5

*Eli Lilly v. American Cynamid Co.*,

82 F.3d 1568, 1578 (Fed.Cir.1996)..............................................................................17

*Fujikawa v. Wattanasin*,
93 F.3d 1559, 1563 (Fed.Cir.1996)................................................................................7

*Graceway Pharms., LLC v. Perrigo Co.*,
722 F. Supp. 2d 566, 578 (D.N.J. 2010)......................................................................17

*Graham v. John Deere Co.*,
383 U.S. 1, 17-18 (1966).................................................................................................8

*Hamilton Beach Brands, Inc. v. Sunbeam Prod., Inc.*,
726 F.3d 1370, 1375 (Fed. Cir. 2013)............................................................................7

*High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*,
49 F.3d 1551, 1556 (Fed. Cir. 1995)............................................................................14

*Hollowell v. Bornkempt*,
No. 3:17-CV-606 JD, 2017 WL 3446676, at *2 (N.D. Ind. Aug. 10, 2017)................4

*Illinois Tool Works, Inc. v. Grip-Pak, Inc.*,
906 F.2d 679, 683 (Fed. Cir. 1990)..............................................................................13

*Intel Corp. v. ULSI Sys. Tech., Inc.*,
995 F.2d 1566, 1568 (Fed. Cir. 1993)............................................................................2

*Int'l Game Tech. v. WMS Gaming Inc.*,
1999 U.S. App. LEXIS 22971, at *3 n.1 (Fed. Cir. Sep. 3, 1999)................................19

*Inventus Power, Inc. v. Shenzhen Ace Battery Co.*,
No. 20-cv-3375, 2020 U.S. Dist. LEXIS 122347, at *49- *50 (N.D. Ill. July 13, 2020)..............19

*LG Elecs., Inc. v. P'ships*,
No. 21-cv-2600, 2021 U.S. Dist. LEXIS 230388, at *13 (N.D. Ill. Dec. 2, 2021)........................18

*Limelight Networks, Inc. v. Akamai Techs.,
Inc.*, 572 U.S. 915 (2014)................................................................................................9

*Meds. Co. v. Hospira, Inc.*,
827 F.3d 1363, 1371 (Fed. Cir. 2016)............................................................................6

*MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*,
726 F. Supp. 2d 604, 640 (W.D. Va. 2010)..................................................................18

*Morrow v. Microsoft Corp.*,
499 F.3d 1332, 1339 (Fed.Cir.2007)............................................................................12

*Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd*.,
357 F.3d 1319, 1324 (Fed. Cir. 2004)..................................................................................2

*Net MoneyIN, Inc. v. VeriSign, Inc*.,
545 F.3d 1359, 1371 (Fed. Cir. 2008)..................................................................................7

*Neutral Tandem, Inc. v. Peerless Network, LLC*,
2010 WL 11537593 at *4 (N.D. Ill. Mar. 30, 2010).............................................................4

*Nutrition 21 v. United States*,
930 F.2d 867, 871 (Fed. Cir. 1991)................................................................................16,17

*Oliver v. Lyerla*,
No. 3:17-CV-206-DRH-DGW, 2017 WL 3498789, at *1 (S.D. Ill. July 25, 2017)....................4

*Pfaff v. Wells Elecs., Inc*.,
525 U.S. 55, 67–68 (1998)..................................................................................................6

*Quad/Tech, Inc. v. QI Press Controls B.V*.,
701 F. Supp. 2d 644, 656 (E.D. Pa. 2010)..........................................................................16

*Riddell v. Kranos Corp*.,
319 F. Supp. 3d 1071, 1092 (N.D. Ill. 2018)........................................................................7

*Scaltech, Inc. v. Retec/Tetra, LLC*,
269 F.3d 1321, 1325 (Fed. Cir. 2001)..................................................................................6

*Sonrai Sys., LLC v. AMCS Grp. Inc*.,
No. 16 C 9404, 2017 U.S. Dist. LEXIS 159450, at *27 (N.D. Ill. Sep. 27, 2017)....................9

*Techtronic Indus. Co., Ltd. v. Chevron Holdings, Inc*.,
395 F. Supp. 2d 720, 729 (N.D. Ill. 2005)..........................................................................5

*Textile Prods., Inc. v. Mead Corp*.,
134 F.3d 1481, 1484 (Fed. Cir. 1998)..........................................................................12,13

*Titan Tire Corp. v. Case New Holland, Inc*.,
566 F.3d 1372, 1381-85, (Fed. Cir. 2009)..........................................................................2

*Travel Tags, Inc. v. UV Color, Inc*.,
690 F. Supp. 2d 785, 799 (D. Minn. 2010)........................................................................16

*Turley v. Rednour*,
No. 09-CV-0829-MJR-SCW, 2011 WL 1897922, at *2 (S.D. Ill. May 18, 2011)....................4

*United States v. Mercy Reg'l Health Sys., Ltd.*,
No. 08-CV-0188MJR, 2008 WL 695918, at *1 (S.D. Ill. Mar. 13, 2008)......................................3

*Voilé Mfg. Corp. v. Dandurand*,
551 F. Supp. 2d 1301, 1307 (D. Utah 2008).................................................................................15

*Wahpeton Canvas Co. v. Frontier, Inc.*,
870 F.2d 1546 (Fed. Cir. 1989)..................................................................................................9

*Woodard-CM, LLC v. Sunlord Leisure Prod., Inc.*,
No. 20-23104-CIV, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020).................................4,5

*Ziegman Prods. Inc. v. City of Milwaukee*,
496 F. Supp. 965, 967 (E.D. Wis. 1980).....................................................................................4

**Statues**

35 U.S.C. § 102(a)(1).................................................................................................................5

35 U.S.C. § 102(b)....................................................................................................................6

35 U.S.C. § 103.....................................................................................................................7,8

35 U.S.C. § 299(a)...................................................................................................................18

**Rules**
Fed. R. Civ. P. 65(b)(1)...........................................................................................................2,3

**EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**

Defendants Shenzhen Mengdan Technology Co., Ltd. d/b/a Smartliving Magicegg ("Smartliving Magicegg"), Ningbo Yinzhou Runping Trading Co, Ltd, d/b/a RPNB ("RPNB"), Dongguan Hua'ang Electronics Technology Co., Ltd, d/b/a KKN Store ("KKN Store"), Shenzhen Yiluo Technology Co., Ltd., d/b/a BILLCONCH ("BILLCONCH"), Dongguan Huaxun Plastic Technology Co., Ltd., d/b/a huaxundirect ("huaxundirect"), Shenzhen Yunli Design Co., Ltd., d/b/a CLOUDESIGN-US ("CLOUDESIGN-US"), YUYAO DINGHUI OPTICAL INSTRUMENT CO., LTD., d/b/a Langger ("Langger"), NINGBO MOYU TRADING CO., LTD., d/b/a SECURITY SAFE ("SECURITY SAFE"), SHAOXING KEFEI DIGITAL CO., LTD, d/b/a VoleStay Safe ("VoleStay Safe") (collectively as "Defendants"), by and through their undersigned counsel, hereby respectfully move this Court to dissolve the Temporary Restraining Order ("TRO") [Dkt. No. 14].

## I.    INTRODUCTION

Plaintiffs Safe&Safety Inc. ("Safe&Safety") and Shenzhen ZhengMi Technology Co., LTD ("ZhengMi") (collectively, "Plaintiffs"), filed this lawsuit against multiple Amazon sellers, including the Defendants, who sell the gun safe products ("Accused Products"), for the alleged infringement of the U.S. Patent No. 11,112,212 (the "'212 Patent"). Plaintiffs and their attorneys ignored the Federal Rules of Civil Procedure and the Illinois Rules of Professional Conduct in order to extort Defendants by obtaining an *ex parte* TRO delisting their listings and freezing their assets before the Amazon Prime Day based on false representations of patent infringement. Further, the '212 Patent is invalid under 35 U.S.C. § 102, as the same kind of products have been sold on the market years before, and there are multiple prior arts anticipating all the elements of the '212 Patent's claimed design. Moreover, Plaintiffs failed to demonstrate any irreparable harm solely

1

based on ZhengMi's CEO, Mr. Bao's unreliable declaration. Lastly, the security bond associated with the TRO is grossly insufficient. Therefore, Defendants respectfully request the Court to dissolve the TRO.

## II.    LEGAL STANDARD

The Fed. R. Civ. P. 65(b)(1) allows for the court to issue a temporary restraining order, without written or oral notice to the adverse party or its attorney if: "(1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

The standard for granting a TRO and the standard for granting a preliminary injunction are identical. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc*., No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citation omitted). "A preliminary injunction is a 'drastic and extraordinary remedy that is not to be routinely granted.'" *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd*., 357 F.3d 1319, 1324 (Fed. Cir. 2004) (quoting *Intel Corp. v. ULSI Sys. Tech., Inc*., 995 F.2d 1566, 1568 (Fed. Cir. 1993)).

A movant must establish the existence of both the movant's likelihood of success on the merits and the threat of irreparable harm to be entitled to a preliminary injunction. *Altana Pharma AG v. Teva Pharms. USA, Inc*., 566 F.3d 999, 1005 (Fed. Cir. 2009). If the accused infringer "raises a substantial question concerning either infringement or validity," then the patentee has not established that it is likely to succeed on the merits. *Id*. at 1350-51; *Titan Tire Corp. v. Case New Holland, Inc*., 566 F.3d 1372, 1381-85, (Fed. Cir. 2009) (affirming denial of a motion for a

preliminary injunction where the accused infringer raised a substantial question as to invalidity on the grounds of obviousness).

### III. ARGUMENTS

### A. THE TRO SHOULD BE DISSOLVED SOLELY FOR FAILURE TO MEET THE PREREQUISITE.

The Fed. R. Civ. P. 65(b) authorizes the issuance of a temporary restraining order. The Fed. R. Civ. P. 65(b)(1), requires that—before a temporary restraining order may issue without written or oral notice to the adverse party - "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The Seventh Circuit has emphasized that, although Rule 65(b) expressly contemplates the issuance of *ex parte* TROs, the circumstances under which an *ex parte* TRO should be granted are extremely limited. *United States v. Mercy Reg'l Health Sys., Ltd.*, No. 08-CV-0188MJR, 2008 WL 695918, at *1 (S.D. Ill. Mar. 13, 2008).

Here, Plaintiffs' attorney fails to certify in writing any efforts made to give notice and the reasons why it should not be required. Plaintiffs only submit a declaration of ZhengMei's CEO, Mr. Bao, which is also unreliable and problematic. It is unclear why Mr. Bao, who is not an attorney, may have the personal knowledge that "Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiffs in order to preserve their illegal financial gains and continue their infringement." *See* Dkt. 11-2, ¶14. Even if the statements are based on his own knowledge, it is still not the certification from the "movant's attorney" and of course fails to meet the basic prerequisite of the TRO. It is well-established that the motion for TRO should be denied, or the TRO should be dissolved if the movant fails to meet the requirements under The Fed. R. Civ. P. 65(b)(1). *American Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir.1984) (By entering an *ex parte* TRO that failed to comply with "the strict procedural

requirements of FED. R. CIV. P. 65(b)(1)" the district court abused its discretion); *Turley v. Rednour*, No. 09-CV-0829-MJR-SCW, 2011 WL 1897922, at *2 (S.D. Ill. May 18, 2011); *Oliver v. Lyerla*, No. 3:17-CV-206-DRH-DGW, 2017 WL 3498789, at *1 (S.D. Ill. July 25, 2017), report and recommendation adopted, No. 17-CV-206-DRH-DGW, 2017 WL 3498703 (S.D. Ill. Aug. 15, 2017) (denying plaintiff's motion for TRO solely based on Fed. R. Civ. P. 65(b)); *Hollowell v. Bornkempt*, No. 3:17-CV-606 JD, 2017 WL 3446676, at *2 (N.D. Ind. Aug. 10, 2017) (denying TRO for failure to comply with 65(b)(1)(B)); *Ziegman Prods. Inc. v. City of Milwaukee*, 496 F. Supp. 965, 967 (E.D. Wis. 1980); *Woodard-CM, LLC v. Sunlord Leisure Prod., Inc*., No. 20-23104-CIV, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020) (denying plaintiff's motion for TRO by finding that "Plaintiff's attorney has not certified in writing any efforts made to give notice and the reasons why it should not be required.").

Thus, the TRO should be dissolved solely based on the fact that Plaintiffs failed to satisfy the substantive requirements for a TRO under Rule 65(b)(1)(B).

## B. THE TRO SHOULD BE DISSOLVED BECAUSE PLAINTIFFS CANNOT ESTABLISH LIKELIHOOD OF SUCCESS.

### 1. The '212 Patent is invalid.

Although a patent is presumed valid under federal law, "that presumption does not relieve the moving party in the preliminary injunction context from carrying its normal burden of establishing its reasonable likelihood of prevailing" on the merits. *Techtronic Indus. Co. v. Chervon Holdings, Ltd*., 395 F. Supp. 2d 720, 729 (N.D. Ill. 2005). If the alleged infringer "raises a substantial question of invalidity, the preliminary injunction should not issue." *Neutral Tandem, Inc. v. Peerless Network, LLC*, 2010 WL 11537593 at *4 (N.D. Ill. Mar. 30, 2010) (citing *Altana Pharma AG v. Teva Pharms. USA, Inc*., 566 F.3d 999, 1005-06 (Fed. Cir. 2009)). A substantial question arises if the alleged infringer convinces the court that that the patent is "vulnerable" to a

4

successful challenge, which requires less proof than the clear and convincing showing necessary to establish invalidity itself. *Id.*; *see also Abbott Lab'ys v. Sandoz, Inc*., 500 F. Supp. 2d 807, 817 (N.D. Ill. 2007), aff'd, 544 F.3d 1341 (Fed. Cir. 2008). If the alleged infringer shows that the patent is "vulnerable" the burden shifts back to the patentee "to show that the defense lacks substantial merit." *Id.* In other words, "[v]ulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial." *Id.*; *see also Techtronic Indus. Co., Ltd. v. Chevron Holdings, Inc*., 395 F. Supp. 2d 720, 729 (N.D. Ill. 2005) (at a preliminary injunction stage the district court does not resolve the validity question, but "rather assesses the persuasiveness of the challenger's evidence").

### a. The '212 Patent is invalid under 35 U.S.C. § 102.

A patent claim is invalid as anticipated if the invention was patented more than one year before "the effective filing date of a claimed invention." 35 U.S.C. § 102(a)(1). To show that a patent claim is invalid as anticipated, the accused infringer must show that a single prior art reference discloses each and every element of a claimed invention. *Electro Med. Sys., S.A. v. Cooper Life Scis*., 34 F.3d 1048, 1052 (Fed.Cir.1994). Here, multiple prior arts anticipate the '212 Patent.

**First**, U.S. Patent No. 5,701,770 is entitled "Gun safe with dual method of gaining access therein" to Cook ("Cook"). Cook was issued on December 30, 1997. A copy of Cook is attached as Exhibit 1. An invalidity claim chart showing each of claim elements of the '212 Patent are anticipated by Cook under 35 U.S.C § 102, is attached hereto as Exhibit 2.

**Second**, U.S. Patent No. 4,651,544 is entitled "Exterior entry door tethered key safe" to Hungerford ("Hungerford"). Hungerford was issued on March 24, 1987. A copy of Hungerford is attached as Exhibit 3. An invalidity claim chart showing each of claim elements of the '212 Patent are anticipated by Hungerford under 35 U.S.C § 102, is attached hereto as Exhibit 4.

**Third**, U.S. Patent No. 4,768,021 is entitled "Safe for loaded hand gun" to Ferraro ("Ferraro"). Hungerford was issued on August 30, 1988. A copy of Ferraro is attached as Exhibit 5. An invalidity claim chart showing each of claim elements of the '212 Patent are anticipated by Ferraro under 35 U.S.C § 102, is attached hereto as Exhibit 6.

Thus, the '212 Patent is invalid under 35 U.S.C. § 102.

**b. The '212 Patent is invalid under on-sale bar.**

The Federal Circuit has instructed that "[a] claimed invention is considered to be on sale within the meaning of § 102(b) if the claimed invention is offered for sale more than one year before the filing date of the patent application." *Scaltech, Inc. v. Retec/Tetra, LLC*, 269 F.3d 1321, 1325 (Fed. Cir. 2001). The 35 U.S.C § 102(b)'s on-sale bar is triggered if, before the critical date, the claimed invention was both (1) the subject of a commercial offer for sale and (2) ready for patenting. *Pfaff v. Wells Elecs., Inc*., 525 U.S. 55, 67–68 (1998). "Whether the on-sale bar applies is a question of law based on underlying factual findings." *Meds. Co. v. Hospira, Inc*., 827 F.3d 1363, 1371 (Fed. Cir. 2016).

Here, many products that disclosed the invention of the '212 Patent have been sold in this country more than one year before the application of the 'Patent. For example, a GunVault branded gun safe ("GunVault")[1], which was first available on Amazon on October 17, 2003, clearly discloses all the elements of the Claim 1 for the '212 Patent. An invalidity claim chart showing

---

[1] The Amazon link is available in https://www.amazon.com/GunVault-MV500-Microvault-Pistol-Safe/dp/B000TG9RCC/ref=sr_1_5?keywords=GunVault&qid=1663916034&sr=8-5 (Last viewed date: July 6, 2024); The YouTube link is available in https://www.youtube.com/watch?v=nNdYE-e92a0 (Last viewed date: July 6, 2024); The user manual for the GunVault is available in https://web.archive.org/web/20100705075142/http://www.gunvault.com/skin/frontend/default/gunvault/pdf/bio-micro-manual.pdf (Last viewed date: July 6, 2024). A true and correct copy of the Amazon website and user manual is attached hereto as Exhibit 7.

each of claim elements of the '212 Patent are anticipated by GunVault under 35 U.S.C § 102, is attached hereto as Exhibit 8.

To meet the commercial offer prong, "the offer must be sufficiently definite that another party could make a binding contract by simple acceptance, assuming consideration." *Atlanta Attachment Co. v. Leggett & Platt, Inc*., 516 F.3d 1361, 1365 (Fed.Cir.2008). There is no dispute that the GunVault meets the commercial offer prong because it has been sold on Amazon for many years and have been sold to many consumers.

An invention is "ready for patenting" when prior to the critical date: (1) the invention is reduced to practice; or (2) the invention is depicted in drawings or described in writings of sufficient nature to enable a person of ordinary skill in the art to practice the invention. *Hamilton Beach Brands, Inc. v. Sunbeam Prod., Inc*., 726 F.3d 1370, 1375 (Fed. Cir. 2013). The numerous reviews, as shown in Exhibit 7, clearly show that the GunVault is reduced to practice and would work for its intended purpose. *Fujikawa v. Wattanasin*, 93 F.3d 1559, 1563 (Fed.Cir.1996).

Thus, the '212 Patent is invalid under on-sale bar.

### c. The '212 Patent is invalid under 35 U.S.C. § 103.

"Under 35 U.S.C. § 103, a claim is invalid as obvious 'if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill' in the relevant art." *Riddell v. Kranos Corp*., 319 F. Supp. 3d 1071, 1092 (N.D. Ill. 2018). "[D]ifferences between the prior art reference and a claimed invention, however slight, invoke the question of obviousness, not anticipation." *Net MoneyIN, Inc. v. VeriSign, Inc*., 545 F.3d 1359, 1371 (Fed. Cir. 2008). Obviousness is a question of law based on the underlying factual inquiries including: (1) the scope and content of the prior art, (2) the differences between the prior art and the claims, (3) the level of ordinary skill in the relevant art, and (4) any objective indicia of non–obviousness,

such as commercial success, long felt need, and failure of others. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1308 (Fed. Cir. 2010); *see also Campbell Soup Co. v. Gamon Plus, Inc*., 10 F.4th 1268, 1275 (Fed. Cir. 2021) (citing *Graham v. John Deere Co*., 383 U.S. 1, 17-18 (1966)).

U.S. Patent No. 7,826,220 is entitled "Electronic device security container" to Baker ("Baker"). Baker was filed on June 2, 2008, and was issued on November 2, 2010. A copy of Baker is attached as Exhibit 9.

U.S. Patent No. 5,416,826 is entitled "Gun safe" to Butler ("Butler"). Butler was filed on December 11, 1992, and was issued on May 16, 1995. A copy of Butler is attached as Exhibit 10.

A Patent Publication No. 2003/0141959 is entitled "Fingerprint biometric lock" to Keogh ("Keogh"). Keogh was filed on February 4, 2003, and was public on July 31, 2003. A copy of Keogh is attached as Exhibit 11.

A Patent Publication No. 2012/0313783 is entitled "Balance alarm sensing arrangement and method thereof" to Yang ("Yang"). Yang was filed on June 8, 2011, and was public on December 13, 2012. A copy of Yang is attached as Exhibit 12.

**First**, the '212 Patent is rendered obvious over Baker and Butler under 35 U.S.C.§103, as shown in the invalidity claim chart attached hereto as Exhibit 13.

**Second**, the '212 Patent is also rendered obvious over Baker and Keogh under 35 U.S.C.§103, as shown in the invalidity claim chart attached hereto as Exhibit 14.

**Third**, the '212 Patent is also rendered obvious over Yang in the view of Ferraro or Keogh under 35 U.S.C.§103, as shown in the invalidity claim chart attached hereto as Exhibit 15.

Thus, the '212 Patent is invalid under 35 U.S.C. § 103.

### 2.    Defendants' products do not infringe the '212 Patent.

Even if the '212 Patent were not vulnerable to an invalidity challenge, Plaintiffs still would need to make a convincing showing on the merits of its infringement claim before a TRO could

issue. To infringe the '212 Patent, an accused device must infringe the only independent claim of the '212Patent (claim 1). *Wahpeton Canvas Co. v. Frontier, Inc*., 870 F.2d 1546 (Fed. Cir. 1989) (One may infringe an independent claim and not infringe a claim dependent on that claim, but one who does not infringe an independent claim cannot infringe a claim depending therefrom). And to infringe a patent claim, "each and every element of the claim must be practiced by the infringer." *Sonrai Sys., LLC v. AMCS Grp. Inc*., No. 16 C 9404, 2017 U.S. Dist. LEXIS 159450, at *27 (N.D. Ill. Sep. 27, 2017) (*citing Limelight Networks, Inc. v. Akamai Techs., Inc*., 572 U.S. 915 (2014)).

The sole independent Claim of the '212 Patent claims for a secure storage system comprising a shell having a closed configuration in which the shell defines an interior space generally inaccessible from outside the shell, a locking mechanism within the interior space, and a user interface within the interior space for modifying a setting of the control system. *See* Dkt. 1-1, 25:19. However, Defendants' Accused Products are not located within this so-called interior space. The Accused Products locking mechanism is mounted inside the outer shell, but not within the interior space defined by the shell, as shown below:



Defendant SECURITY SAFE's Product



Defendant huaxundirect's Product



Defendant RPNB's Product

Further, in some of the Defendants' Accused Products, the user interface used for performing setting operations is not located in the interior space. Instead, the user interface of the Defendants' Accused Products (such as Defendant Smartliving Magicegg) is situated on the surface of the shell outside the interior space as shown below:



Additionally, in some of the Defendants' products, the control system can only perform setting operations related to modifying passwords. However, password setting (password/passcode)

is a setting operation that is not disclosed in the specification and is explicitly disclaimed by the patent owner, as indicated in the prosecution history of the '212 patent. Such as Defendant Langger's Products are demonstrated as follows:



Thus, the elements of Claim 1 are not met. Simply put, there is no infringement – much less a likelihood of infringement necessary to support a TRO. If Plaintiffs were to incredulously argue that there can somehow be infringement without the locking mechanism within the interior space, Plaintiffs would be conceding invalidity as argued above.

3.      **Plaintiff ZhengMi fails to establish its standing to file this lawsuit.**

Only parties with exclusionary rights to a patent may bring suit for patent infringement. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed.Cir.2007). "On the other hand, a bare licensee has no standing at all." *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998).

ZhengMi alleges that it is the exclusive licensee of the '212 Patent with the right to sue for and collect damages for infringement. *See* Dkt. No. 1, ¶5. However, ZhengMi fails to provide the alleged exclusive license agreement. It is unclear whether Safe&Safety, the alleged patent owner still has promised, expressly or impliedly, that "others shall be excluded from practicing the invention" within the field covered by the license. *Textile Productions, Inc. v. Mead Corp*., 134 F.3d 1481, 1484 (Fed. Cir. 1998). Thus, if a patentee-licensor is free to grant licenses to others, licensees under that patent are not exclusive licensees. *Textile Prods.,* 134 F.3d at 1484.

Further, Plaintiffs move for the TRO mainly based on the declaration of ZhengMi's CEO to establish the irreparable harm prerequisite. If ZhengMi is not the exclusive licensee, it has no standing for the infringement allegation and alleges the irreparable harm. Thus, there is substantial question regarding ZhengMi's standing and its alleged irreparable harm.

## C. THE TRO SHOULD BE DISSOLVED BECAUSE PLAINTIFFS FAIL TO SHOW IRREPARABLE HARM.

### 1. Safe&Safety has not shown that it will suffer irreparable harm.

Safe&Safety is the alleged owner of the '212 Patent. Plaintiffs provide only one sentence to allege the irreparable harm to Safe&Safety, but which is contrary to the established rule. It seems like Safe&Safety has no other business except license the '212 Patent to ZhengMi. Since Safe&Safety is willing to forgo its patent rights for compensation, monetary damages can sufficiently compensate the patent holder for infringement occurring during the course of the litigation. *Illinois Tool Works, Inc. v. Grip-Pak, Inc*., 906 F.2d 679, 683 (Fed. Cir. 1990).

### 2. ZhengMi also has not shown that it will suffer irreparable harm.

#### a. Mr. Bao's conclusory and speculative declaration cannot demonstrate irreparable harm.

ZhengMi submits no evidence to prove its alleged irreparable harm, except Mr. Bao's declaration. However, Mr. Bao's declaration is problematic and full of misrepresentations. He

alleges that "ZhengMi has been selling its Patented Products throughout the United States via the Internet both through its independent e-commerce website and, since at least 2019, on Amazon.com." However, ZhengMi's products were not available on Amazon until November 11, 2021. *See* Exhibit 16, p. 7. Moreover, some snapshots from the WaybackMachine.com clearly show that, ZhengMi's e-commerce website, www.awesafe.com, did not sell the gun safe products until 2023. *See* Exhibit 17.

Moreover, Mr. Bao alleges that "ZhengMi's exclusive license to the Patent-in-Suit is vital to its business." *See* Dkt. 11-2, ¶10. However, since the '212 Patent was not assigned to Safe&Safety until November 2023, and ZhengMi's website did display the '212 Patent at least before March 7, 2024. *See* Exhibit 18. Thus, Mr. Bao's declaration is conclusory and speculative at best, and intentionally misrepresentation at worst. Mr. Bao further misrepresented that Defendants have and will "irreparably undermine ZhengMi's reputation as the rights owner of innovative and patented gun safe product designs." *See* Dkt. 11-2, ¶23. It cannot be true because ZhengMi was not licensed until recently, there can be no reputation for ZhengMi with regard to the rights owner of innovative.

Further, Mr. Bao's allegation that "ZhengMi is engaged in making, distributing, marketing, selling, and importing … high quality gun safe products embodying the inventions protected by the Patent-in-Suit ("Patented Products")," is also misrepresentation. *See* Dkt. 11-2, ¶5. The '212 Patent was not issued until September 2021, and ZhengMi alleges that it "has been selling its Patented Products … since at least 2019." *Id*., at ¶7. Mr. Bao's allegation demonstrates that ZhengMi started to practice the '212 Patent before the'212 Patent existed and licensed to ZhengMi. Thus, Mr. Bao's allegation is false. Mr. Bao's contradictory declaration also shows that ZhengMi

did not practice the '212 Patent, which also negate the alleged irreparable harm. *High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc*., 49 F.3d 1551, 1556 (Fed. Cir. 1995).

Thus, Mr. Bao's conclusory and speculative declaration cannot demonstrate irreparable harm. *Atari Games Corp. v. Nintendo of Am., Inc*., 897 F.2d 1572, 1575 (Fed. Cir. 1990) ("[A] district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits submitted by plaintiff."); *Voilé Mfg. Corp. v. Dandurand*, 551 F. Supp. 2d 1301, 1307 (D. Utah 2008) (explaining that a "conclusory" affidavit offered by the movant's president with respect to irreparable harm was not enough to demonstrate such harm).

### b.  If Plaintiffs have ever suffered any harm, it is because of the defects of their own products.

There is no nexus between Plaintiffs' alleged infringement and their alleged irreparable harm. *Apple Inc. v. Samsung Elecs. Co*., 735 F.3d 1352, 1360 (Fed. Cir. 2013) (A party seeking a preliminary injunction must establish that there is a causal nexus between the alleged infringement and the alleged harm.)

On February 22, 2024, the United States Consumer Product Safety Commission ("CPSC") required ZhengMi to conduct a recall because their "biometric lock on the safes can fail and be opened by unauthorized users, posing a serious injury hazard and risk of death." *See* Exhibit 19. Thus, ZhengMi's products are not as good in quality as Mr. Bao claims. *See* Dkt. 11-2, ¶5. If Plaintiffs have ever suffered any harm, it is because of the defects of their own products which even "posing a serious injury hazard and risk of death." Even after ZhengMi was asked to recall the product, customers still found that the ZhengMi's product was not safe and reliable, and could be easily opened by children. *See* Exhibit 20.

Further, ZhengMi also alleged that it suffered yearly decline in its sales of the Patented Products from 2022 to 2024. *See* Dkt. 11-2, ¶18. ZhengMi's 2023 Amazon Prime Day sales

dropped over 47% comparing to the 2022 Amazon Prime Day. *Id,* at ¶19. However, ZhengMi didn't even obtain '212 Patent authorization until 2024, there can be no such thing as alleged infringement. Any previous losses claimed could not have been caused by the alleged infringement that didn't exist. Similarly, ZhengMi's alleged price erosion also has no causal relationship with the alleged infringement.

Therefore, ZhengMi fails to show the nexus between Plaintiffs' alleged infringement and their alleged irreparable harm, and the TRO should be denied.

### c. ZhengMi fails to meet its burden of proving the loss of sales, market share, price erosion, or any other alleged irreparable harm.

To support a preliminary injunction, lost market share must be proven. *Automated Merch. Sys., Inc. v. Crane Co.,* 357 Fed.Appx. 297, 301 (Fed. Cir. 2009) ("Lost market share must be proven (or at least substantiated with some evidence) in order for it to support entry of a preliminary injunction, because granting preliminary injunctions on the basis of speculative loss of market share would result in granting preliminary injunctions in every patent case where the patentee practices the invention."). "Neither the difficulty of calculating losses in market share, nor speculation that such losses might occur, amount to proof of special circumstances justify the extraordinary relief of an injunction prior to trial." *Nutrition 21 v. United States*, 930 F.2d 867, 871 (Fed. Cir. 1991). Merely demonstrating that the defendant's product competes with the patentee's product will not suffice. *Travel Tags, Inc. v. UV Color, Inc*., 690 F. Supp. 2d 785, 799 (D. Minn. 2010). ZhengMi must present actual evidence that it will lose market share and that this loss of market share would not be compensable through monetary damages. *Quad/Tech, Inc. v. QI Press Controls B.V*., 701 F. Supp. 2d 644, 656 (E.D. Pa. 2010).

Here, ZhengMi did not provide any evidence of the reduced market share or business opportunities, except the unreliable declaration filled with legal arguments. Mr. Bao's declaration

16

cannot prove ZhengMi's lost market share, nor can it prove that the alleged loss of normal share was caused by the Defendants. ZhengMi's allegation for a decline during the Amazon Prime Day does not represent a lost market share. Moreover, ZhengMi provided two customer reviews in 2021 also cannot show the alleged lost sale. As shown in the declaration the two customers purchased ZhengMi's biometic Gun Safe should be recalled as requested by CPSC. See Exhibit 19. It is ZhengMi's products that have severe deficiencies, not Defendants' Accused Products. *See* Dkt. 11-2, ¶21. Therefore, ZhengMi's speculative conclusion of loss of market share is baseless. Even if ZhengMi were able to provide the Court with some evidence of loss of market share, it alone would still likely be insufficient to establish irreparable harm here under applicable law. *Automated Merch. Systems, Inc*., 357 F. App'x at 301.

ZhengMi also alleged that it suffered price erosion. *See* Dkt. No. 11-1, p. 7. However, Courts nationwide, both pre-and post-Winter /eBay, have routinely determined that price erosion does not amount to irreparable harm. *Nutrition 21*, 930 F.2d at 871; *Eli Lilly v. American Cynamid Co.*, 82 F.3d 1568, 1578 (Fed.Cir.1996) ("Such a rule would convert the 'extraordinary' relief of a preliminary injunction into a standard remedy available whenever the plaintiff has shown a likelihood of success on the merits."); *Altana Pharma AG v. Teva Pharmaceuticals USA, Inc*., 532 F.Supp.2d 666, 682 (D.N.J.2007) (finding movants did not establish irreparable harm despite contending "loss of revenue, price erosion, decrease in market share, loss of research opportunities, [and] reduction in workforce"); *Bettcher Industries, Inc. v. Bunzl USA, Inc*., 692 F.Supp.2d 805, 821 (N.D.Ohio 2010) (finding no irreparable harm when a complex pricing scheme did not exist and "the past and future economic harm to [movant] resulting from [non-movant's] alleged infringement should be readily calculable and compensable by money damages").

There is no evidence showing that ZhengMi's alleged price erosion is caused by Defendants. See Dkt. 11-2, ¶28. *Graceway Pharms., LLC v. Perrigo Co.*, 722 F. Supp. 2d 566, 578 (D.N.J. 2010) (the movant has failed to establish current price erosion and has made no substantial argument supported by evidence in regard to expected future price erosion caused by [alleged infringer's] product). Therefore, "[t]he mere assertion that allowing a competitor to keep producing and selling an allegedly infringing product will lead to irreversible price erosion, without more, is insufficient to constitute a finding of irreparable harm." *MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*, 726 F. Supp. 2d 604, 640 (W.D. Va. 2010) (*citing Automated Merchandising Sys., Inc.*, 357 Fed.Appx. at 301–02.)

## D. THE TRO SHOULD BE DISSOLVED BECAUSE THE DEFENDANTS ARE NOT PROPER PARTIES.

Parties accused of patent infringement may only be joined in one action as defendants or have their actions consolidated for trial if both:

1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a) (emphasis added). The statute also emphasizes that "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b).

Here, the Defendants do not sell the same accused products- and Plaintiffs have not even alleged that the Defendants sell the same accused products. Instead, as shown in the Exhibit 2 attached to the Complaint, Defendants sell different products. Thus, the TRO must be dissolved

18

with respect to the Defendants because the Complaint violates 35 U.S.C. § 299. *LG Elecs., Inc. v. P'ships*, No. 21-cv-2600, 2021 U.S. Dist. LEXIS 230388, at *13 (N.D. Ill. Dec. 2, 2021).

## E. THE SECURITY BOND ASSOCIATED WITH THE TRO IS GROSSLY INSUFFICIENT.

As a result of the potential hardship of a preliminary relief on a defendant, Federal Rule of Civil Procedure 65(c) requires the patentee to post a security bond "in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Because the amount of the security bond is a procedural issue not unique to patent law, the amount is determined according to the law of the district court's regional circuit. *Int'l Game Tech. v. WMS Gaming Inc.*, 1999 U.S. App. LEXIS 22971, at *3 n.1 (Fed. Cir. Sep. 3, 1999).

In the Seventh Circuit, the amount of the bond can be adjusted at any time upon motion by either party should the amount initially imposed prove either excessive or insufficient. *Inventus Power, Inc. v. Shenzhen Ace Battery Co*., No. 20-cv-3375, 2020 U.S. Dist. LEXIS 122347, at *49-*50 (N.D. Ill. July 13, 2020). Here, a $10,000 bond (total) for 90 defendants is woefully inadequate. According to the declarations filed with this paper, the nine Defendants are collectively losing at least $70,796 per day that their accounts have been frozen. *See* Exhibits 21-29, ¶3. Accordingly, if the TRO is not dissolved and they are not dismissed from this case, the Defendants respectfully request that the Court increase the amount of bond to a sum equal to at least $1,982,288 for all the nine Defendants who filed this current motion (Defendants' lost in 28 days that the period that Plaintiffs' request for the TRO).

## IV.    CONCLUSION

Due to the serious procedural flaws of the TRO, the lack of merit in Plaintiffs' case, and the improper joinder of the Defendants, the TRO against the Defendant should be immediately

dissolved. And because the security associated with the TRO is grossly insufficient to pay the costs and damages sustained by the wrongfully restrained Defendants, the bond should be increased to a sum equal to at least $1,982,288.

Respectfully Submitted:

Date: 7/8/2024

/s/ Wei Wang

Wei Wang
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law
332-777-7315
Attorney for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 8, 2024, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: July 8, 2024

/s/ Wei Wang

Wei Wang