THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAFE&SAFETY INC. and SHENZHEN ZHENGMI TECHNOLOGY CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE INDIVIDUALS AND ENTITIES IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | Case No. 1:24-CV-03459 <br><br> Honorable John Fitzgerald Kness |

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE ATTORNEYS LIEN</u>

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, Plaintiffs SAFE&SAFETY Inc. and SHENZHEN ZHENGMI TECHNOLOGY CO., LTD. ("Plaintiffs") seek to strike the Attorneys Lien July 7, 2024 ("LIEN") [ECF No. 37], filed in violation of 770 ILCS 5/1.

The LIEN claims that Shiny Rise PLLC is entitled to an attorney's lien "against any payments, distributions or proceeds recoverable by Plaintiffs." [ECF No. 37]. 770 ILCS 5/1 states in relevant part as follows:

> **Attorney's lien for fees; enforcement**
> § 1. Attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such suits, claims, demands or causes of action, plus costs and expenses. …
> To enforce such lien, such attorneys shall serve notice in writing, which service may be made by registered or certified mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action. Such lien shall attach to any verdict, judgment or order entered and to any money or property which may be recovered, on account of such suits, claims, demands or

causes of action, from and after the time of service of the notice. On petition filed by such attorneys or their clients any court of competent jurisdiction shall, on not less than 5 days' notice to the adverse party, adjudicate the rights of the parties and enforce the lien.

However, a statutory attorney lien ceases to be available to an attorney regarding fees owed by a former client after the attorney's withdrawal from representation. *In re Del Grosso,* Bkrtcy.N.D.Ill.1990, 111 B.R. 178, 182, citing *Rhoades v. Norfolk & Western Railway Co.,* 78 Ill.2d 217 (1979), *In re Kleckner,* 93 B.R. 143, 145 (N.D.Ill.1988); and *Dept. of Public Works v. Exchange National Bank,* 93 Ill.App.3d 390, 394 (1981).

In this case, on July 2, 2024, Plaintiffs terminated the representation of Shiny Rise PLLC. Subsequently, Shiny Rise PLLC sent a letter titled "Termination of Engagement" to Plaintiffs on July 3, 2024. *See* attached a true and correct copy of the July 3, 2024, letter from Shiny Rise PLLC to Plaintiffs with exhibits thereto is incorporated herein and attached hereto as Exhibit A. It was not until after both of these events, on July 7, 2024, that Shiny Rise PLLC filed and served the LIEN. Further, a written agreement for fees existed only between Shiny Rise PLLC and Plaintiff, Safe & Safety Inc. *See* attached true and correct copy of the Agreement for Legal Services between Safe & Safety, Inc. and Shiny Rise PLLC dated February 25, 2024 ("Fee Agreement") is incorporated herein as Exhibit B. Notably, the Fee Agreement drafted by Shiny Rise PLLC is limited in scope, for a three phases and "[a]ny additional services will require an additional, separate, written agreement with additional legal fees." *Id.* Safe & Safety, Inc. paid the agreed upon flat fee under Phase I and II, Shiny Rise PLLC performed no services under Phase III and no other written agreement between either Plaintiff and Shiny rise PLLC exists.

Importantly, not only did no attorney relationship exist at the time Shiny Rise PLLC filed its Notice of Lien but the agreed upon fee had been paid in full. *See* Exhibits A and B. Accordingly, Shiny Rise PLLC's Attorney's Lien should found to be invalid and be stricken.

2

In the instant matter the Lien filed in violation of Illinois law is serving as a hinderance to settlement. "[M]otions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989).

In light of the above, Plaintiffs respectfully request that the Notice of Lien [ECF No. 37] be declared void and stricken.

Dated this 23rd day of August 2024.

Respectfully Submitted,

DRAGONFLY LAW GROUP, P.C.

By: */s/ Thomas J. Nitschke*
Thomas J. Nitschke, IL BAR #6225740
3016 Mary Kay Lane
Glenview, IL 60026
(720) 454-0129
tomn@dflylaw.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August 2024, a true and correct copy of the foregoing ***Memorandum in Support of Plaintiffs' Motion to Strike Attorneys Lien*** was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Thomas J. Nitschke*
Thomas J. Nitschke