IN THE UNITED STATES DISTRICT

COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| SAFE&SAFETY INC. *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> THE INDIVIDUALS AND ENTITIES IDENTIFIED ON SCHEDULE A TO THE COMPLAINT <br><br> Defendants. | Case No.: 24-cv-03459 <br><br> **Judge John F. Kness** |

## PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS FOR FAILURE TO PROSECUTE AND FOR AN ORDER DISMISSING PLAINTIFFS' CLAIMS WITH PREJUDICE AGAINST CERTAIN DEFENDANTS

Plaintiffs Safe&Safety, Inc. and Shenzhen ZhengMi Technology Co., Ltd. (collectively, "Plaintiffs"), by their undersigned counsel, respectfully move for an order dismissing the counterclaims asserted by Defendant No. 57 zhulixue d/b/a/ Karmila and Defendant No.51 Hong Kong Globebiz Co., Limited d/b/a MD Madoats ("Defendants") for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority, and dismissing Plaintiffs' claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

As stated in Plaintiffs' Motion to Continue the February 4, 2026 Status Hearing (Dkt. 1125), two Defendants—Karmila and MD Madoats—previously appeared in this action, filed Answers, and asserted

1

counterclaims on August 2, 2024. See Dkt. 59, 62, 63. Those Defendants were formerly represented by attorney Pete Scott Wolfgram, who withdrew as counsel on August 20, 2025. Dkt. 102. Since that withdrawal, the Defendantshave ceased participating in this litigation, have not appeared through substitute counsel, and have taken no steps to prosecute their counterclaims.

Specifically, on August 21, 2025, the Court held an in-person hearing, directed the parties to meet and confer regarding a proposed discovery schedule and to submit a proposed scheduling order. See Dkt. 105. Defendants did not show up to this hearing. Plaintiffs attempted to communicate with Defendants regarding these Court-ordered scheduling obligations, but Defendants did not respond and did not participate in any meet-and-confer efforts.

Since that time, Plaintiffs have continued to actively litigate this case, including filing status reports and appearing at Court-ordered status hearings. See Dkts. 106, 110, 112, 114, 116. The Court has reset status hearings as the case moved toward resolution of the remaining claims. See Dkts. 110, 113, 114, 116. Defendants, however, have not appeared in the hearing, have not contacted Plaintiffs, and have taken no action to prosecute their counterclaims.

Most recently, Plaintiffs have made multiple good-faith efforts to resolve the remaining issues without motion practice, including proposing a joint stipulation dismissing the counterclaims and contacting Defendants' former counsel Mr. Wolfgram, who in turn attempted to communicate with the Counterclaimants. Despite these efforts, Defendants have not responded and have taken no action to advance their counterclaims.

This complete lack of participation has persisted for more than five months. Defendants have not complied with Court-directed scheduling obligations, have not communicated with opposing counsel, and have not taken any steps to advance their counterclaims. Their continued non-participation has prevented the final resolution of this case.

Dismissal of the counterclaims is appropriate under Rule 41(b), which authorizes dismissal when a party fails to prosecute its claims. Courts also possess inherent authority to dismiss abandoned claims to ensure the orderly and efficient disposition of cases. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). The Counterclaimants' complete failure to participate since their counsel's withdrawal demonstrates abandonment of their counterclaims, and dismissal is necessary to allow Plaintiffs to proceed with their motion for default judgment and bring this litigation to final resolution.

Plaintiffs further request that, upon dismissal of the counterclaims, the Court dismiss Plaintiffs' claims with prejudice as to Defendants Karmila and MD Madoats pursuant to Rule 41(a)(2). Plaintiffs have completed the work necessary to conclude this action with respect to these two Defendants and seek final dismissal in order to avoid further expenditure of judicial and party resources. A dismissal with prejudice constitutes a final adjudication on the merits and therefore does not prejudice these Defendants. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990). Granting the requested relief will allow the claims involving Karmila and MD Madoats to be fully and finally resolved and will permit Plaintiffs to proceed with their motion for default judgment against the remaining Defendants.

For these reasons, Plaintiffs respectfully request that the Court dismiss the counterclaims asserted by Defendants Karmila and MD Madoats for failure to prosecute and also dismiss Plaintiffs' claims with prejudice.

**WHEREFORE**, Plaintiffs respectfully request that the Court (1) dismiss the counterclaims asserted by Defendants Karmila and MD Madoats for failure to prosecute, (2) dismiss Plaintiffs' claims with prejudice as to Defendants Karmila and MD Madoats pursuant to Rule 41(a)(2).

Dated: February 9, 2026                                        Respectfully submitted,

By: */s/ Shaoyi Che*

Shaoyi Che
TX Bar No. 24139843
YoungZeal LLP
9355 John W. Elliott Dr,
Ste. 25555
Frisco, TX 75033
Tel. 717 440-3382
che@yzlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2026, I served a copy of the foregoing on all counsel of record for Defendants by filing the same via the Court's CM/ECF system.

By: */s/ Shaoyi Che*

Shaoyi Che